UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMY NAVARRETTE,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFFS' OFFICE, et al.,

    Defendants.

Case No. 22-cv-01226-PJH

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Re: Dkt. Nos. 2, 3, 4

Plaintiff, a former detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must

be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff discusses issues with his jail job and the behavior of another detainee worker.

Prisoners have no constitutional right to be paid for their services.  *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing *Piatt v. MacDougall*, 773 F.2d 1032, 1035 (9th Cir. 1985) (no deprivation of liberty interest when prisoner forced to work without pay, nor does requiring such work subject prisoner to involuntary servitude in violation of the Thirteenth Amendment)).  They also have no right to tenure in their prison jobs.  *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984).  Therefore, whatever liberty or property interests inhere in prison employment are the product of state law.  *See id*.

Further, prisoners generally are not protected by federal or state labor laws, since the economic realities of prison employment seldom make them "employees" entitled to such protections.  *See Morgan v. MacDonald*, 41 F.3d 1291, 1293 (9th Cir. 1994) (prisoner working under state statute requiring 40 hours weekly work or training not "employee" under FLSA); *see also Hale v. Arizona*, 993 F.2d 1387, 1392-98 (9th Cir.) (en banc) (prisoners working under state program requiring hard labor not "employees"), *cert.*

*denied*, 510 U.S. 946 (1993); *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908 (9th Cir. 2013) (prisoner working for prison contractor not employee under ADA because his labor belongs to state); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1331 (9th Cir. 1991) (no employment relationship since labor belongs to institution).

Plaintiff alleges that another detainee worker created a toxic work environment and jail staff refused to take action. Plaintiff also alleges that other detainees were adversely affected, jail regulations were violated and jail staff violated other detainees' rights. The allegations in the complaint fail to state a cognizable claim. The complaint is dismissed with leave to amend. In an amended complaint, plaintiff should focus on how defendants specifically violated his rights secured by the Constitution or laws of the United States. **An amended complaint may not exceed twenty-five pages**.

Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, see 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel is denied without prejudice.

## CONCLUSION

1. Plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**. Plaintiff's motion for a temporary restraining order (Docket No. 2) is **DENIED** without prejudice. If plaintiff is able to present cognizable federal claims, he may refile the motion

3

and address how his release from custody affects the request for a temporary restraining order.  The motion to appoint counsel (Docket No. 4) is **DENIED** without prejudice.

      2.  The complaint is **DISMISSED** with leave to amend.  An amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  **An amended complaint may not exceed twenty-five pages**.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.

      3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 1, 2022

                                                                      */s/ Phyllis J. Hamilton*
                                                                      PHYLLIS J. HAMILTON
                                                                      United States District Judge